**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRENDA L. NIEMI, | No. 19-35659 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-05540-MLP |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding[**]

Submitted November 18, 2020[***]
Seattle, Washington

Before: GOULD and FRIEDLAND, Circuit Judges, and CHEN,[****] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      This case was assigned, with the consent of the parties, to a Magistrate
Judge, pursuant to 28 U.S.C. § 636(c)(1).

[***]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[****]      The Honorable Edward M. Chen, United States District Judge for the
Northern District of California, sitting by designation.

Brenda Niemi appeals from the district court's order affirming the denial of her application for supplemental security income benefits. We affirm.

We review the district court's order de novo and reverse only if the decision of the Administrative Law Judge ("ALJ") "was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded by regulation on other grounds*.

The ALJ gave specific, clear, and convincing reasons for discounting Niemi's subjective testimony. *Id.* at 1112. The ALJ observed that Niemi's testimony conflicted with the daily activities she had reported engaging in when speaking with doctors in the years since her alleged onset date. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196-97 (9th Cir. 2004) (holding that "contradictions in the claimant's own testimony about his activities of daily living" can support an ALJ's negative credibility determination). The ALJ also explained that portions of Niemi's testimony were at odds with the mild or moderate findings made by several different doctors who examined her. Niemi's minimal treatment for her purportedly disabling physical conditions, particularly after June 2014, also supported the ALJ's adverse credibility determination. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment."

2

(quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995))).

Regarding Niemi's psychological conditions, the ALJ observed that Niemi appears to have begun sustained treatment four years after the alleged disability onset date, at the recommendation of her attorney, "for purposes of applying for disability benefits." Niemi contends her initial reluctance to seek treatment for her mental impairment is not a legitimate reason for discrediting her testimony, given "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Garrison v. Colvin*, 759 F.3d 995, 1018 n.24 (9th Cir. 2014) (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996)). In Niemi's case, however, although she did have an adverse reaction to some medications, there is no evidence in the record that her decision not to seek treatment for years was "at least in part a result of her . . . psychiatric issues." *Id.* Accordingly, this lack of mental health treatment also provided a valid reason for the ALJ to discount Niemi's subjective testimony. *See Molina*, 674 F.3d at 1113-14. The ALJ further observed that, once Niemi did finally begin sustained treatment, her mental health challenges appeared to improve with counseling and medication. Collectively, these reasons for discounting Niemi's testimony are "specific, clear, and convincing." *Id.* at 1113.

The ALJ likewise did not commit reversible error when evaluating the medical evidence. Rather, he provided "specific and legitimate" reasons for

3

according little weight to some medical opinions but significant weight to others. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). For example, the ALJ discounted the conclusions of Dr. Wheeler in her four psychological evaluations after explaining that they were inconsistent with Niemi's lack of treatment, Niemi's reported daily activities, and, sometimes, with Dr. Wheeler's own contemporaneous treatment notes. The ALJ observed that Dr. Wheeler's findings seemed to be based on Niemi's subjective complaints, and the ALJ explained that this was further reason to assign them limited weight. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (holding that it is reasonable for an ALJ to discount a physician's findings that are based on claimant's "less than credible statements").

The ALJ's evaluation of the medical evidence from other clinicians was also supported by substantial evidence. When the ALJ discounted certain opinions, he consistently articulated his rationale. Some evidence he discounted for pre-dating the alleged disability onset date. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). Other findings he dismissed as beyond the scope of the clinician's expertise. *See Holohan v. Massanari*, 246 F.3d 1195, 1202 n.2 (9th Cir. 2001). Although the ALJ may have erred by failing to assess the medical evaluation from Dr. Michael Brown, that evaluation pre-dated the alleged onset of Niemi's disability by 18 months and was cumulative of the other medical

4

evidence.  Any error flowing from that omission was harmless.  *See Molina*, 674 F.3d at 1111.

Lastly, the ALJ's residual functional capacity ("RFC") determination and vocational hypotheticals were also supported by substantial evidence.  Niemi's challenges to these portions of the ALJ's decision depend on her attacks on the ALJ's evaluation of the medical evidence and subjective symptom testimony— attacks that fail for the reasons already explained.  *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

**AFFIRMED.**